IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES WALKER | ) CASE NO. 1:10CV0313 |
| Plaintiff, | ) |
| | ) JUDGE KATHLEEN M. O'MALLEY |
| v. | ) |
| ALICE CAIN | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| Defendant. | ) |

Plaintiff *pro se* James Walker, incarcerated in the Mansfield Correctional Institution ("MANCI"), brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendant Alice Cain, MANCI Medical Administrator. He alleges in his complaint that he was taken from MANCI to the Ohio State University Hospital to obtain a pacemaker. After return to MANCI, he had several minor medical ill feelings. The next day the feelings became worse, and he asked to go back to the hospital. On September 24, 2007, he filed a complaint with the defendant who answered that "[W]e will keep an eye on you." *See* Complaint Resolution attached to his complaint. Plaintiff also stated that the implant started shocking him intermittently. After allegedly another day without medical care , the incision bled constantly, and he was then transported to the hospital.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing

numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Cruel and unusual punishment in violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation. *Bowman v. Corrections Corp. of America*, 350 F.3d 537, 544 (citing *Estelle,* 429 U.S. at 106 n. 14)).

Even if plaintiff may have a cause of action under the Eighth Amendment, it is apparent on the face of the complaint that the statute of limitations for bringing a § 1983 claim expired before plaintiff filed this action. Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations. Ohio's two year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097 (6th Cir.1995).[1] The conduct alleged in the complaint took place before or within the week of September 24, 2007. This action was filed on February 11, 2010, beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections,* 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002)

---

[1] It should be noted that Ohio Rev.Code § 2305.16 was amended to delete imprisonment as one of the disabilities which would toll the running of the period for causes of action accruing after July 13, 1991.

( "Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.")*; Fraley v. Ohio Gallia County,* 1998 WL 789385 * 1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); *Hunterson v. Disabato*, 2007 WL 1771315 * 1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations periods has run); *Ali v. Morgan,* 2009 WL 872896 * 3 (E.D. Ky., Mar. 27, 2009) (if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*)*; Balch v. City of Warren*, 2008 WL 687079 * 1 ((N.D. Ohio, Mar. 10, 2008) (same).

Accordingly, for the reasons set forth above, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                            **s/ Kathleen M. O'Malley**
                                            JUDGE KATHLEEN M. O'MALLEY
                                            UNITED STATES DISTRICT JUDGE

DATED: March 31, 2010